# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2720 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Wail Salem (#2011-0008821) vs. Supt. Kevin, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $42.61 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Jail. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                                             **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Illinois State Police officers, embarked on a "vendetta" against him after the plaintiff ascertained an officer's telephone and called him on his cell phone to discuss a seized automobile. The plaintiff alleges that the defendants manufactured evidence against him, conducted an unnecessarily destructive search of the plaintiff's home, illegally seized evidence on the basis of an expired search warrant, denied his requests for counsel during an interrogation, wrongfully engineered the revocation of his bond, perjured themselves in criminal proceedings, and committed numerous wrongs against members of his family.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $42.61. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Having reviewed the pleading, the court finds that the plaintiff must submit an amended complaint.

The complaint on file suffers from multiple deficiencies. First, the plaintiff has asserted several claims on behalf of family members. But a non-lawyer cannot represent another individual. *See, e.g., Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); *Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam); 28 U.S.C. § 1654. As the *pro se*, incarcerated plaintiff may not bring suit for his wife, daughters, and daughter in-law, he must drop any claims relating to those individuals.

In addition, the plaintiff cannot sue police officers for perjury. The Civil Rights Act does not authorize a convicted person to assert a damages claim against a police officer for giving perjured testimony at his criminal trial. *See Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983); *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), overruled on other grounds by *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006). Police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger*, 349 F.3d at 358.

The plaintiff's claim that he was denied counsel during an interrogation likewise fails to state a claim under 42 U.S.C. § 1983. *Locke v. Greer*, 963 F.2d 375 (7th Cir. 1992) (unpublished, text in Westlaw at 1992 WL 113404, *1 (7th Cir. 1992), *citing Thorton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968). The appropriate remedy for a *Miranda* violation is the exclusion of evidence, not monetary damages under the Civil Rights Act. *Id.*

Furthermore, the plaintiff must bring suit in state court if he wishes to sue the officers for theft. A random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss. The plaintiff may also file an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the plaintiff's claim that the police lost or stole confiscated property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

Finally, the plaintiff is advised that he may not, by way of a civil rights action, raise any claim that essentially challenges a criminal conviction. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the
**(CONTINUED)**

| STATEMENT (continued) |
|---|

conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. Consequently, the plaintiff must drop any claims that suggest he was wrongfully convicted as a result of the defendants' actions. The plaintiff must file a petition for a writ of habeas corpus if he wishes to seek federal review of any criminal conviction.

The plaintiff is advised to conduct some basic legal research prior to drafting an amended complaint. The plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

With these considerations in mind, the plaintiff is granted thirty days in which to submit an amended complaint, if he believes he personally has a cause of viable action against the defendants. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.