# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2720 | **DATE** | 10/19/2012 |
| **CASE TITLE** | Wail Salem (#R-62801) vs. Officer Kevin Matthias | | |

**DOCKET ENTRY TEXT:**

The defendant's motion to stay [#19] is granted. This case is hereby stayed pending final disposition of the underlying state criminal prosecutions. The parties are directed to file a joint status report concerning the progress of the state criminal proceedings by February 1, 2013. The defendant's request, in the alternative, to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied as moot. The clerk is directed to correct the defendant's name and the docket to reflect that the full name of "State Police Officer Kevin" is Kevin Matthias.

■ [**For further details see text below.**]    **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, an Illinois State Police officer, embarked on a "vendetta" against him after the plaintiff ascertained the defendant's cellular telephone number and argued with him over an impounded automobile. The plaintiff alleges that the defendant framed him for a crime (or crimes), conducted an unjustified and unnecessarily destructive search of his home, and illegally seized evidence. This matter is before the court for ruling on the defendant's motion to stay this case or, in the alternative, to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

The defendant's request to hold this case in abeyance pending disposition of the state criminal proceedings is granted. The defendant reports that two separate criminal prosecutions arose from the events underlying this action. The defendant additionally states that convictions on several charges are currently on appeal, while another criminal prosecution is still ongoing. In *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995), a prisoner awaiting trial on a murder charge in state court filed a federal civil rights action alleging false arrest, wrongful search, and malicious prosecution, among other claims. The Court of Appeals, observing that the issues raised by the Section 1983 action would necessarily involve the same issues to be considered in the state criminal case, ruled that the civil rights case should have been stayed. *Simpson*, 73 F.3d at 138-139; *see also Younger v. Harris*,

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

401 U.S. 37 (1971); *accord, Potts v. Brown*, 66 Fed. Appx. 635, 636-37 (7th Cir. 2003); *Hunt v. Thomas*, No. 07 C 4733, 2009 WL 2601320, *4 (N.D. Ill. Aug. 20, 2009) (Pallmeyer, J.); *Smith v. Illinois*, No. 07 C 7048, 2009 WL 1515306, *8 (N.D. Ill. May 27, 2009) (Kennelly, J.).

      The posture of the instant case is similar to *Simpson* and the same reasons for abstention apply: the plaintiff alleges that he was wrongfully targeted for arrest, that evidence was illegally obtained, and that the criminal proceedings are invalid; the criminal cases have not yet been resolved; and the plaintiff will undoubtedly seek to raise these claims in the context of his criminal cases. Given the obvious potential for friction between the state criminal case and the federal civil rights action, the *Younger* abstention doctrine dictates that this case be stayed until the plaintiff's criminal cases have worked their way to final disposition.

      For the foregoing reasons, this case is hereby stayed pending final resolution of the pending state criminal proceedings. The defendant's motion, in the alternative, for dismissal on substantive grounds is denied as moot. The parties are directed to file a joint status report concerning the progress of the state proceedings by February 1, 2013.